# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:05CR00076 |
| v. | ) OPINION |
| MONICA MARGARET WORLEY, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*Monica Margaret Worley, Petitioner Pro Se; Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). Upon review of the record, I find that the government's Motion to Dismiss must be granted.

I

A Superceding Indictment charged the defendant, Monica Margaret Worley, and others with conspiracy to possess with intent to distribute and to distribute 50 grams or more of a substance containing cocaine base, in violation of 21 U.S.C.A. §§ 841(b)(1)(A) and 846(West 1999 & Supp. 2008) (Count One); and possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1) and 841(b)(1)(C) (Count Four). Worley signed a plea agreement on November 14, 2006, and her scheduled jury trial was cancelled. Under the terms of this plea agreement, Worley would have pleaded guilty to Count One. The parties stipulated that she

would be held accountable for between 50 and 150 grams of cocaine base, yielding a base offense level of 32 under the United States Sentencing Guidelines ("USSG"). In exchange for the guilty plea, the government agreed not to object to the court granting Worley the benefit of the "safety valve" provision, which would have allowed the court to sentence her below the statutory mandatory minimum and would have reduced her guideline range by two levels, pursuant to USSG § 2D1.1.

At a hearing on November 20, 2006, Worley decided not to change her plea, but to go to trial. After the two-day jury trial, the jury found Worley guilty on both counts. Her co-defendants were also convicted.

I sentenced Worley on March 1, 2007, to 135 months imprisonment and five years supervised release on each count, with the terms to run concurrently with each other. No appeal was taken. On April 14, 2008, a month after Worley filed this § 2255 motion, I granted her motion for a sentence reduction under 18 U.S.C.A. § 3582(c) (West 2000 & Supp. 2008) because of the amendments to the crack cocaine sentencing guidelines and ordered that her sentence be reduced to 120 months imprisonment.

In her § 2255 motion, liberally construed, Worley alleges the following conclusory grounds for relief: counsel provided ineffective assistance because he (a) failed to investigate and prepare for trial; (b) failed to investigate severance of the defendant; (c) failed to interview character witnesses; (d) failed to investigate co-defendants' background or all possible defenses; (e) failed to investigate and study FBI and grand jury minutes and other reports for errors or mitigation; (f) deserted the

defendant at critical stages before and after trial; (g) failed to interview prosecution witnesses; (h) attempted to elicit admission of guilt so as to induce acceptance of a plea; (i) allowed admission of aggravating factors by the prosecution without advising the defendant of the circumstances (more prison time); (j) failed to negotiate as the defendant directed; (k) failed to appeal as directed by the defendant and her family; (l) failed to appear at the presentence investigation interview as requested to protect the defendant's rights; (m) failed to advocate for the defendant at sentencing or to preserve issues for appeal; and (n) failed to advise the defendant that her right to remain silent carried through the sentencing phase.

II

To state a claim for relief under § 2255, a federal defendant must prove that one of the following occurred: (1) his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such a sentence"; or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.A. § 2255(a). In a § 2255 motion, the defendant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir.1958) (per curiam).

A. COUNSEL'S FAILURE TO NOTE AN APPEAL.

"[A]n attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal." *United*

- 3 -

*States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (finding that attorney who disregards defendant's specific instruction to file timely notice of appeal acts in professionally unreasonable manner with no required showing that appeal had merit). Detailed factual allegations in a verified, pro se complaint, if based on personal knowledge, must be considered as the equivalent of an opposing affidavit so as to withstand a motion for summary judgment with supporting affidavits containing a conflicting version of the facts. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991) (citing *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979) (holding that factual allegations contained in verified complaint establish prima facie case under 42 U.S.C.A. § 1983 so as to preclude summary judgment).

Worley claims that she is entitled to relief under § 2255 in the form of a renewed opportunity to appeal because "counsel failed to appeal as directed by defendant and her family." In response to this claim, the government submits counsel's affidavit:

> At the conclusion of the sentencing hearing, the Court explained the defendant's appeal rights. Counsel, at the conclusion of the sentencing hearing, went to the holding cell and further advised the defendant of her rights to appeal. Counsel explained to the defendant that an appeal must be filed within ten (10) days, and that defendant must contact counsel as soon as possible. . . . A review of counsel's file confirms that defendant did not contact him at any time during the following ten days or otherwise to request an appeal. Defendant did contact counsel after the ten (10) day period to request documents included in her file.

(Mot. Dismiss, Attach. 1).

Under these circumstances, I cannot find that Worley states sufficient facts to present a prima facie claim that counsel's conduct regarding the appeal was constitutionally deficient. In the initial verified complaint, she does not state when she or any family member "directed" counsel to appeal, under what circumstances, or what response he gave, if any, to the alleged request. In addition, Worley makes no response to counsel's specific evidence that during the appeal period immediately following imposition of her sentence, she did not communicate to him any desire to note an appeal. Because Worley does not allege facts indicating that she or a family member made a timely request for counsel to file a notice of appeal or dispute in any way counsel's evidence that he received no timely request for an appeal on her behalf, I find that this claim must be dismissed.

B. COUNSEL'S OTHER ALLEGED ERRORS.

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, petitioner must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, petitioner must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment" considering circumstances as they existed at the time of the representation. *Id.* at 690-91. Rule 2 of the Rules Governing §2255 Proceedings requires a petition to "state the facts supporting each ground" for relief. In so doing, petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Strickland*, 466 U.S.

at 689. Second, to show prejudice, petitioner must demonstrate "a reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95. If it is clear that petitioner has not satisfied one prong of the *Strickland* test, the court need not inquire whether he has satisfied the other prong. 466 U.S. at 697.

Worley's allegations fail to state any facts in support of her conclusory assertions that counsel erred in various respects. She fails to state specific facts concerning the type of investigation and preparation counsel failed to make for trial, the facts he might have discovered in support of a motion for severance, what character witnesses or background information he should have developed, what defenses existed that he failed to pursue, what helpful information he would have gleaned from investigation of FBI and grand jury records or interviews with prosecution witnesses, what aggravating factors he failed to dispute or how he could have disputed them, what he should have done differently at sentencing, what negotiations he should have made, and what issues he failed to preserve for appeal. Because she fails to present such facts, Worley also fails to demonstrate how any of these alleged shortcomings by counsel prejudiced her defense. In fact, she fails to demonstrate any reasonable probability that absent counsel's alleged errors, the outcome would have been any different. She also does not state how counsel's presence at unidentified "critical stages" of the proceedings, including the presentence report interview, would have resulted in acquittal or in a lighter sentence; how his alleged attempts to persuade her to accept a plea agreement had any effect

on the outcome, since she ultimately failed to enter a guilty plea; or what specific incriminating statements she made because of his alleged failure to advise her of the right to remain silent through the sentencing phase. Because Worley does not support her claims with facts as required, I cannot find that she has stated any claim of ineffective assistance under *Strickland*.

III

In conclusion, I find that the defendant has failed to present allegations stating any ground for relief under § 2255. Accordingly, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

DATED: November 7, 2008

/s/ JAMES P. JONES
Chief United States District Judge